# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Rubiel Marin,<br><br>a/k/a/ Rubiel Marin-Cifuentes,<br><br>           Petitioner,<br><br>v.<br><br>United States of America,<br><br>           Respondent. | Case No. 4:87-cr-0106 JNE/FLN<br><br><br>**ORDER** |

      This matter is before the Court on Rubiel Marin, a.k.a., Rubiel Marin-Cifuentes' (hereinafter "Marin"), "Motion to Correct Illegal Sentence Pursuant to Rule 35(a), F. R. CR. P." ECF Docket No. 106. The Government has filed a "Response to the Defendant's Pro Se Motion to Correct Illegal Sentence Pursuant to Rule 35(a)" and Marin has filed a reply. ECF Nos. 113-114.

      Marin had originally included two claims in his motion challenging his sentence. First, he claimed that the Court relied on an incorrect mandatory minimum when sentencing him to thirty years without parole on the conspiracy conviction. Second, he claimed that he should have been eligible for parole. *See* ECF No. 106. The Government attached to its response Judge Rosenbaum's[1] order denying a motion on the parole eligibility argument for one of Marin's co-conspirators. ECF No. 113-1. Marin then conceded that he is not eligible for parole in his reply

---

[1] This matter was reassigned to U.S. District Court Judge Joan N. Ericksen after Judge Rosenbaum retired. ECF No. 100.

1

brief. ECF No. 114 at 1. Because Marin has conceded the parole eligibility argument, the Court will only address Marin's argument that Judge Rosenbaum relied on an incorrect mandatory minimum in sentencing Marin to thirty years for the conspiracy offense.

Nearly twenty years ago, in 1987, Marin was charged, tried and convicted "on two counts of aiding and abetting the distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), importation of cocaine in violation of 21 U.S.C. §§ 952(a) and 960 (b)(1)(B), and conspiracy to distribute cocaine in violation of 21 U.S.C. § 846." *U.S. v. Marin-Cifuentes*, 866 F.2d 988, 996 (8th Cir. 1989). In his direct appeal challenge to his sentence, the Eighth Circuit held that "[a] sentence is generally not subject to review unless it exceeds statutory limits, violates constitutional or procedural requirements, or reflects that the district court failed to exercise its discretion or manifestly or grossly abused its discretion." *Marin*, 866 F.2d at 996. In the appeal, Marin argued that "an abuse of discretion is shown by the fact that his sentence is more than double that which would have been imposed had the Federal Sentencing Guidelines been applicable." *Id*. at 997. The Eighth Circuit held that his "sentence [was] within the statutory limits" and the "district court did not abuse its discretion in sentencing Marin to a lengthy sentence." *Id*.

Over the years, Marin attacked his sentence multiple times to no avail. He filed a petition for habeas corpus and two Rule 35(a) motions based on the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See* ECF No. 80; ECF No. 84 (order denying 2255 motion); ECF No. 86 (Rule 35(a) motion based on *Apprendi*); ECF No. 87 (order denying Rule 35(a) motion); ECF No. 91 (Rule 35(a) motion based on *Apprendi*); ECF No. 92 (order denying Rule 35(a) motion because "Petitioner brought a similar motion for the same relief in April, 2006. . . Petitioner has exhausted his appeals, and the Court declines to revisit the

issue.").

Marin brings his current motion under the former Federal Rule of Criminal Procedure 35(a) which authorized district courts "to correct an illegal sentence at any time." *Hill v. U.S.* 368 U.S. 424, 430 (1962); *U.S. v. Peltier*, 312 F.3d 938 (8th Cir. 2002). This version of Federal Rule of Criminal Procedure 35(a) applied to offenses that occurred before November 1, 1987. *See* Federal Rules of Criminal Procedure. Marin was indicted on September 30, 1987[2] for conduct that took place between August 18, 1987 and September 4, 1987 (Response of the U.S., ECF Docket No. 113 at 1, 8) so the Rule applies to him. In *Hill*, the petitioner had brought his motion as a petition under 28 U.S.C. § 2255. The Court agreed that it could "consider it as a motion to correct an illegal sentence under Rule 35" but that "as the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill*, 368 U.S. at 430. Under this former Rule 35(a), "[a] sentence is not illegal if the 'punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, [or] the terms of the sentence itself [are not] legally or constitutionally invalid in any other respect.'" *Peltier*, 312 F.3d at 942 (quoting *Hill*).

Marin filed a Rule 35(a) motion in 2008 that is virtually identical to the mandatory minimum argument he makes again now. ECF No. 97. In that motion, Marin argued that "[w]hile conviction for possession with the intent to distribute . . . carried mandatory minimum prison sentences in 1987, conspiracy convictions for those same activities did not. This disparity was eliminated in 1988 when 21 U.S.C. §§ 846 and 963 were amended to clearly require the

---

[2] Rule 35(a) motion, Docket No. 106 at 2; Response of U.S. to Defendant's Pro Se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2), Docket No. 105, at 2.

same mandatory minimum penalties without parole for both conspirators and substantive offenders." ECF No. 97 at 4.  In his denial of the motion, Judge Rosenbaum first noted that Marin had previously been informed that he had "exhausted all of his appeals and [that the Court] declined to revisit the matter." ECF Docket No. 99.  He then concluded that "[n]othing exists in the record, or [Marin's] most recent motion, that persuades the Court to alter its previous determination." ECF Docket No. 99.

Marin's argument regarding a mandatory minimum for conspiracy does not persuade the Court this time around either.  He claims "that the federal conspiracy statutes were amended effective November 18, 1988, to provide for the same penalties as those prescribed for the offense. . . . The retroactive application of a law that imposes a mandatory minimum sentence in place of a flexible range of punishment would violate the Ex Post Facto Clause." ECF No. 114 at 3.  Marin does not say how this issue might have affected his sentence.  Nothing in the sentencing transcript indicates that Judge Rosenbaum was influenced by an incorrect mandatory minimum on the conspiracy charge.  In fact, the main discussion involves the applicability of a sentencing enhancement that was never applied.  ECF No. 68 at 3-4.  Judge Rosenbaum specifically stated that his "sentence in this case is not based on the Government's version as set forth in the pre-sentence investigation" and "will be based only on that which [he] heard at the trial." ECF No. 68 at 3.  Moreover, none of the cases Marin cites in his reply brief persuade this Court that his sentence was incorrect.  *See U.S. v. Moon*, 926 F.2d 204, 210-11 (2d Cir. 1991) (sentencing transcript indicated that the sentencing Court had indeed relied on an incorrect minimum sentence for conspiracy in imposing its sentence); *U.S. v. Brown*, 887 F.2d 537, 541 (5th Cir. 1989) (government conceded that "the trial court erred" in incorporating a mandatory minimum into the conspiracy sentence); *U.S. v. McDonald*, 692 F.2d 376, 380 (5th Cir. 1982)

(federal drug statute at issue gave "no indication of leniency toward those who engage in the trafficking of drugs for profit" but rather "a clear intent . . . to crack down on criminal drug operations").

Judge Rosenbaum already denied a Rule 35(a) motion based on this same argument. The Court has thoroughly reviewed the sentencing transcript and all the cases Marin has cited in support of his motion and finds no basis for deciding the motion any differently this time around. Accordingly, Marin's "Motion to Correct Illegal Sentence Pursuant to Rule 35(a), F.R.CR.P." [Docket No. 106] is again DENIED.

    IT IS SO ORDERED.

Dated: August 10, 2016                    s/Joan N. Ericksen
                                                    Joan N. Ericksen
                                                    United States District Judge